## LONDIS v. LEVIN.

(Supreme Court, Appellate Term. December 16, 1908.)

1. COURTS (§ 190*)—MUNICIPAL COURTS—APPEAL—RETURN—STATEMENT OF EVIDENCE.

Where, on an appeal from a Municipal Court, the trial judge was not disqualified, and made a return not containing the evidence because the parties had no stenographer, the evidence could not be supplied by affidavits of the parties under Municipal Court Act (Laws 1902, p. 1581, c. 580), § 319, providing that, if a justice "becomes unable to make a return," the Appellate Court may receive affidavits or examine witnesses as to the evidence; it being the duty of the justice to return a statement of the evidence made from his minutes or his memory assisted by such affidavits, as might be submitted to him.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

2. COURTS (§ 190*)—APPEAL FROM MUNICIPAL COURT—RETURN—EVIDENCE.

If the trial justice is unable to make a return containing the testimony according to his recollection assisted by affidavits, the case will be considered on appeal as though there was an express waiver of the party's right to review the evidence, and only such questions of jurisdiction and law as appear in the record will be passed on.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Peter Londis against Samuel Levin. Judgment for plaintiff, and defendant appeals. Return remitted to the Municipal Court for resettlement.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Max Schleimer, for appellant.
Leopold W. Harburger, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GIEGERICH, J. The pleadings in this action were oral. When the parties appeared for trial, it appears by the record that there was no stenographer present and the parties proceeded to trial before the court, and that consequently no minutes of the trial were taken by a stenographer. The defendant who brings this appeal endeavors to supply this lack of written evidence by submitting an affidavit made by his client in which he sets forth the testimony given in the action, and the respondent also submits an affidavit in opposition stating what he claims was the testimony given before the trial justice. The appellant claims that authority exists for this practice in the provisions of section 319 of the municipal court act (Laws 1902, p. 1581, c. 580), which provides that:

"If the Justice dies, becomes a lunatic, absconds, remains from the State, or otherwise becomes unable to make a return, the Appellate Court may receive affidavits, or examine witnesses, as to the evidence and other proceedings taken, and the judgment rendered before the Justice; and may determine the appeal, as if a return had been duly made by the Justice."

This section has no application to the facts in the case at bar. The justice in this case is not disqualified for any reason, and he has made a return. True, he has not returned the testimony heard by him upon the trial. There is nothing in the record, however, to show that the justice did not take minutes of the evidence given upon the trial, nor that he is unable to furnish a statement of such evidence, even if such statement be from his memory alone, and certainly the justice who heard the testimony ought to be able to state what such testimony was, and upon what he based his judgment at least as definitely as the parties themselves. The return should therefore be sent back for resettlement, and, upon such resettlement, the parties might be permitted by the trial justice to submit affidavits showing what took place upon the trial from which the lower court may be able to make a comprehensive return of the facts. If the trial justice states that he is unable to make a return containing the testimony, according to whatever light, assisted by his own recollection, may be given him, the situation then is one which has been created by the express consent of the parties, and such consent would operate as a waiver of the right to review the evidence given upon the trial, and only such questions of jurisdiction and law as appear in the record could be passed upon.

Return remitted to the lower court for resettlement. All concur.